### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**KAWANNA GRAY, NATASHA DAVIES, and**
**KQUANIEA EZELL, Individually and**                              **PLAINTIFFS**
**on Behalf of All Others Similarly Situated**

**VS.**                           **4:19-CV-00627-BRW**

**SHOE SHOW, INC.**                                                   **DEFENDANT**

### ORDER

Pending are Defendant's Motion to Decertify Conditionally Certified Class and Motion for Sanctions (Doc. Nos. 37, 39). Plaintiffs responded to both motions.[1] As set out below, the Motion to Decertify is GRANTED and the Motion for Sanctions is DENIED without prejudice.

**Motion to Decertify** – Plaintiffs Kawanna Gray and Kquaniea Ezell, two former employees at Defendant's store in Little Rock, Arkansas alleged that they and all other employees were required by former District Manager Nakita Doss to work off the clock.[2] Defendant seeks decertification because Plaintiffs, in their depositions, admitted "in direct contravention to declarations they submitted in support of the Motion for Conditional Certification, that the only individuals that worked off the clock were themselves, Davies, and another individual that did not opt into the case."[3] Plaintiffs do not oppose the motion.[4] Accordingly, the motion is GRANTED (Doc. No. 37), and all opt-in Plaintiffs are DISMISSED without prejudice.

---

[1] Doc. Nos. 32, 33.

[2] Doc. No. 1.

[3] Doc. No. 38.

[4] Doc. No. 41.

**Motion for Sanctions** – Defendant asserts that:

> [Plaintiff] Ezell, along with her counsel, have intentionally destroyed or failed to preserve the only objective evidence Plaintiffs' claim ever existed to substantiate their claims of off-the-clock work. Months after initiating this lawsuit, Ezell discarded a cell phone that Ezell alleges contained proof of the Named Plaintiffs' off the clock work. Ezell also failed to preserve other handwritten records of off the clock work. Thus, Ezell spoliated critical evidence in this case months after her obligation to retain such evidence existed.[5]

Defendant also contends that "Plaintiffs' counsel must have known the documents existed because Plaintiffs' counsel first raised the subject of the cell phone records during questioning of Ms. Gray at the end of her deposition" and that Plaintiffs "never supplemented their discovery responses to disclose that these documents ever existed or to explain why they no longer exist."[6]

Plaintiffs respond that Ms. Ezell did not intentionally destroy her phone and that Plaintiffs' lawyers were unaware that this evidence existed.[7] Ms. Ezell and her lawyers filed affidavits supporting their position.

Defendant's request for dismissal with prejudice is denied. However, depending on what happens during trial, Defendant may again request a spoliation instruction and I will reconsider the issue at that time. Accordingly, the Motion is DENIED (Doc. No. 39) without prejudice.

IT IS SO ORDERED this 14th day of July, 2020.

Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[5] Doc. No. 40.

[6] *Id.*

[7] Doc. No. 42.